■ WHITE DIRECTORY PUBLISHERS, INC., Appellant, v SIEGEL, KELLEHER & KAHN, Respondent. [791 NYS2d 789]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered June 9, 2004. The order denied plaintiff's motion for summary judgment in an action for damages for breach of contract.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion with respect to the 2nd through 6th and 8th through 12th causes of action and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from an order denying its motion for summary judgment in this action for damages arising from six contracts for advertising by defendant in the Buffalo, Lake Shore, Jamestown, Lockport and Niagara Falls editions of plaintiff's telephone book directory,

and in plaintiff's Internet based directory for the Buffalo area. We conclude that plaintiff met its initial burden of entitlement to summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), but nevertheless further conclude that defendant raised a triable issue of fact, with respect to whether plaintiff violated the implied covenant of good faith and fair dealing regarding the Buffalo telephone book contract (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Supreme Court therefore properly denied those parts of the motion seeking summary judgment on plaintiff's first and seventh causes of action.

The court erred, however, in denying those parts of plaintiff's motion seeking summary judgment on the 2nd through 6th causes of action and the 8th through 12th causes of action. Contrary to defendant's contention, the issue of fact with respect to the Buffalo telephone book contract does not preclude the granting of summary judgment on the causes of action relating to the other contracts because they were " 'separate and independent transaction[s]' " (*Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]). We therefore modify the order accordingly, and we remit the matter to Supreme Court for a hearing on the amount of reasonable attorney's fees and, if necessary, costs and to direct the entry of judgment on the amounts sought in the 2nd through 6th and 8th through 12th causes of action together with interest, costs and attorney's fees. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.